UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Prealou J. Roberts

    v.                          Civil No. 09-cv-150-JL

Manchester Police Department

**REPORT AND RECOMMENDATION**

Prealou Roberts has filed this action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by Manchester Police Department ("MPD") officers when they arrested him in April 2008. As Roberts is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. §§ 1915(a)(1) & 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d) (authorizing Magistrate Judge to conduct a preliminary review of all cases filed pro se).[1]

---

[1] At the time Roberts filed this action, he was a prisoner in a federal prison in New York. He has since been released. In this case, the preliminary review is unaffected by Prealou's change in incarcerative status, as the review conducted in cases filed by prisoners is the same as the review conducted in cases filed pro se by plaintiffs proceeding in forma pauperis. See 28 U.S.C. §§ 1915(a)(1) & 1915A; LR 4.3(d)(1)(B) & (2).

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir.

1990).  This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

In April 2008, Victoria Colman's boyfriend, who was in South Carolina at the time, called the MPD and reported that Colman was being held against her will by Roberts, and that Roberts had threatened to strangle her.  Roberts states that this accusation was entirely false.  Nevertheless, the MPD arrested Roberts on Colman's boyfriend's report.  Roberts was initially charged criminally in this incident, but the criminal case against him was dismissed.

Roberts states that the falsity of the accusation against him could have been verified by the two people who reside at the location where the alleged crime happened.  According to Roberts, those witnesses, if interviewed, would have reported that they were home on the night in question and did not see Colman.  The MPD officers did not interview these two witnesses prior to placing Roberts under arrest.

Discussion

I.   Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[2]; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Roberts' claims allege violations of federal constitutional law by state actors, his suit arises under § 1983.

---

[2] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

4

II.  <u>False Arrest Claim</u>

Roberts' claim asserts that the MPD, by arresting him without first interviewing his alibi witnesses, violated his right not to be falsely arrested.  Although asserted as a Fourteenth Amendment due process claim, this action is more appropriately considered to arise under the Fourth Amendment, which guarantees Roberts the right to be secure in his person. <u>See</u> U.S. Const. amend. IV ("The right of the people to be secure in their persons, . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, . . ..").  To comport with the strictures of the Fourth Amendment, a warrantless arrest must be supported by probable cause.  <u>See</u> <u>Acosta v. Ames Dep't Stores, Inc.</u>, 386 F.3d 5, 9 (1st Cir. 2004) ("When there is probable cause for an arrest, the Fourth Amendment's prohibition against unreasonable searches and seizures is not offended."); <u>United States v. Link</u>, 238 F.3d 106, 109 (1st Cir. 2001) ("Probable cause exists if, at the time of the arrest, the collective knowledge of the officers involved was sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense.").

Roberts' challenge to the validity of his arrest, however, is not based on whether or not the arresting officers had a warrant, or had probable cause to believe that he was committing a crime. Roberts does not, in fact, provide a single fact from which this Court could conclude or infer that the conduct of the arresting officers in making the arrest was unreasonable, or that the arrest was based on anything less than probable cause. The facts alleged, to the contrary, demonstrate that the MPD officers were acting on a citizen report that Roberts was holding a woman against her will and had threatened to strangle her. See Acosta, 386 F.3d at 9.

Instead, Roberts alleges that the officers failed to sufficiently investigate the allegations against him before executing his arrest, in that they failed to interview two witnesses who would have provided exculpatory information. In other words, Roberts' claim is that even if the arresting officers had probable cause to arrest him, or were acting pursuant to an arrest warrant, probable cause would have been negated had they interviewed the witnesses. The officers' failure to interview the witnesses prior to arresting him, Roberts claims, therefore violates his Fourth Amendment rights.

6

Roberts' claim relies on the existence of a duty of the arresting officers to investigate his defense prior to arresting him. The MPD officers, however, had no duty to explore exculpatory evidence or investigate potential defenses before finding probable cause to arrest him. See id. at 11 (citing Barber v. Page, 390 U.S. 719, 725 (1968) and Baker v. McCollan, 443 U.S. 137, 145-46 (1979)). Accordingly, Roberts has failed to allege a violation of his Fourth Amendment rights, and I recommend that the complaint be dismissed on that basis.

## Conclusion

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   September 14, 2009

cc:     Prealou J. Roberts, pro se